UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
                                    :
KENNETH RODRIGUEZ,                  :
                                    :
          Petitioner,               :
                                    :     10 CIV. 5259 (KTD)
     v.                             :
                                    :     ORDER
UNITED STATES OF AMERICA,           :
                                    :
          Respondent.               :
                                    :
------------------------------------X

KEVIN THOMAS DUFFY, U.S.D.J.:

Petitioner Kenneth Rodriguez, proceeding pro se, brings the instant motion under 28 U.S.C. §§ 144 and 455(a) and (b)(1), requesting that I recuse myself from his habeas corpus proceedings pursuant to 28 U.S.C. § 2255. For the reasons set forth below, I DENY the motion.

I.   BACKGROUND

Rodriguez, along with other defendants not involved in the instant motion, were indicted ("Indictment 798") on charges (1) of conspiracy to commit robbery in violation of the Hobbs Act, 18 U.S.C. § 1951, and (2) of both conspiracy and attempt to distribute and possess narcotics ("narcotics count"), 21 U.S.C. §§ 841, 846. While Rodriguez was released on bail in connection with the Indictment 798 charges, he was arrested and indicted for new conduct ("Indictment 1230") that followed much the same

pattern as the activities underlying the charges alleged in Indictment 798.

After a jury trial on Indictment 798, Rodriguez and the other defendants were convicted on the Hobbs Act conspiracy to rob count, and Rodriguez was additionally convicted on the narcotics count. Eight days after the jury reached its verdict on the Indictment 798 charges, Judge Batts accepted Rodriguez's guilty plea to the charges included in Indictment 1230. Specifically, Rodriguez pleaded guilty to a Hobbs Act robbery conspiracy, in violation of 18 U.S.C. § 1951, and two counts of narcotics violations, in violation of 21 U.S.C. § 846. After accepting the guilty plea, Judge Batts transferred the Indictment 1230 case to me. The two cases were consolidated and Rodriguez's judgment of conviction as to all charges was entered on April 19, 2004.

On Count 1 of Indictment 798, I sentenced Rodriguez to 44 months' imprisonment to run consecutively with Counts 2 and 3. On Counts 2 and 3 of Indictment 798, I sentenced Rodriguez to 120 months' imprisonment to run concurrently with each other. On Count 1 of Indictment 1230, I sentenced Rodriguez to 43 months' imprisonment to run consecutively, and on Count 2 of the Indictment 1230, I sentenced Rodriguez to 120 months to run consecutively. I sentenced Rodriguez to 5 years of supervised release.

2

On October 3, 2005, the Second Circuit affirmed Rodriguez's conviction, dismissed his appeal as to my decision not to downwardly depart on his sentence due to certain family circumstances, and granted a remand pursuant to United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), for consideration of whether to resentence. See United States v. Santos, 152 Fed. Appx. 24, 2005 WL 2737006 (2d Cir. Oct. 3, 2005). On remand, I entered an order, holding that Rodriguez's original sentence would not be modified.

On July 27, 2010, Rodriguez filed the instant motion for my disqualification and/or recusal under 28 U.S.C. §§ 144 and 455(a) and (b)(1).

II.   DISCUSSION

Rodriguez's motion is made pursuant to two statutory provisions: 28 U.S.C. §§ 144 and 455. Under 28 U.S.C. § 144, a district judge shall recuse himself when the judge "has a personal bias or prejudice" for or against a party. The filing of an affidavit of bias and a certificate of good faith are procedural prerequisites for a motion pursuant to § 144. Under 28 U.S.C. § 455(a), a judge shall recuse himself where "his impartiality might reasonably be questioned." Section 455(b)(1) further provides that a judge should recuse himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the

3

proceeding." The decision to grant or deny a recusal motion is committed to the sound discretion of the judge to whom the motion is directed. See LoCascio v. United States, 473 F.3d 493, 495 (2d Cir. 2007).

Sections 144 and 455 are complementary and the substantive test for bias under both of them is "whether a reasonable person, knowing all the facts, would conclude that the court's impartiality might reasonably be questioned." Apple v. Jewish Hosp. and Medical Center, 829 F.2d 326, 333 (2d Cir. 1987). "Movants must overcome a presumption of impartiality, and the burden of doing so is substantial." Giladi v. Strauch, No. 94 Civ. 3976, 1996 WL 18840, at *1 (S.D.N.Y. Jan. 18, 1996) (internal quotation marks and citation omitted). "An application for the disqualification of a judge must rest on a factual basis and not on the whim of a litigant who asserts vague contentions." Hunt v. Mobil Oil Corp., 557 F. Supp. 368, 376 (S.D.N.Y. 1983), aff'd, 742 F.2d 1438 (2d Cir. 1983). A judge has an affirmative duty not to disqualify himself unnecessarily. See Nat'l Auto Brokers Corp. v. General Motors Corp., 572 F.2d 953, 958 (2d Cir. 1978). Otherwise, litigants would be encouraged to advance speculative arguments for recusal and thus feel as if they have the power to veto the assignment of judges. See Garofalo v. Gravano, 23 F. Supp. 2d 279, 286 (E.D.N.Y. 1998).

Here, Rodriguez argues that because I denied his motion to withdraw his guilty plea in Indictment 1230 and enhanced his sentence for obstruction of justice based on his request to withdraw his plea, I am "predisposed" to conclude that he is not entitled to habeas relief based on an ineffective assistance of counsel claim. Rodriguez further argues that certain remarks I made during his resentencing hearing - that he will lie and obstruct justice if it means that he will get away with his crimes - exhibit "a personal, deep seated animosity and bias" toward him and that I could not possibly make a fair determination of his habeas claims.

However, opinions formed by a judge that are based on the evidence in the case or events occurring during the proceedings do not constitute a basis for recusal "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." Liteky v. United States, 510 U.S. 540, 554 (1994). Further, expressions of impatience, annoyance, dissatisfaction, and even anger, do not establish bias or partiality. United States v. Landerman, 109 F.3d 1053, 1066 (5th Cir.1997). No reasonable observer would seriously question my ability to impartially preside over

5

Rodriguez's habeas proceedings. Rodriguez's conclusory assertions are simply too vague to support even the slightest inference of personal bias or prejudice. See Hunt, 557 F. Supp. at 376. Accordingly, I decline to recuse myself.

III. CONCLUSION

For the foregoing reasons, Rodriguez's motion is DENIED.

SO ORDERED.

Dated: New York, NY
September 7, 2010

KEVIN THOMAS DUFFY, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9-8-10

6